IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| George Lafayette Bond, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08cv324 (JCC/TRJ) |
| | ) | |
| United States, et al., | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

George Lafayette Bond, a federal inmate[1] proceeding <u>pro se</u>, has filed this civil action raising

a claim of negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, <u>et seq.</u>

and a constitutional claim under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics</u>, 403 U.S. 388 (1971). Plaintiff originally sued the "Federal Bureau of Prison Petersburg

Correctional Facility," asserting a claim for negligence under the FTCA and that defendant exhibited

"deliberant indifferent [sic]" to plaintiff's finger injury. By Order dated April 21, 2008, plaintiff was

informed that he had not named the United States a defendant in this action and was directed to

particularize and amend his complaint to name a proper defendant under the FTCA. Additionally,

plaintiff was directed to particularize and amend his claim of "deliberant indifferent[sic]" to state

a claim under the Eighth Amendment. Also by that Order, plaintiff was directed either to pay the

$350.00 fling fee required by 28 U.S.C. § 1914(a) or submit an application to proceed <u>in

forma pauperis</u> and a form indicating his consent to the collection of fees from his inmate account.

---

[1] Plaintiff discloses that although he is a federal inmate, he is currently "on a writ going to
state court." The docket for this case reflects that plaintiff is currently housed in Henrico County Jail
East in Barhamsville, Virginia. Plaintiff will be directed to inform the Court of any changes in his
address and will also be warned that his failure to do so could result in the dismissal of this
complaint.

Plaintiff was directed to do all of this within thirty days. On April 28, 2008, the Clerk received plaintiff's Motion for Extension, in which plaintiff requested 90 days to comply with the April 21 Order. By Order dated May 6, 2008, plaintiff's Motion was granted in part and denied in part, and plaintiff was granted 30 days to comply with the April 21 Order. Plaintiff subsequently filed another letter with the Court that day in which he stated that he was then without access to his legal paperwork and requested additional time to comply with the April 21 Order. Accordingly, by Order dated May 14, 2008, plaintiff's letter was construed as a Motion for Extension of Time and plaintiff was given 60 additional days to comply. Plaintiff has now submitted an amended complaint, a form indicating his consent to the collection of the filing fee from his inmate account, and a request to proceed in forma pauperis in this matter. After review of plaintiff's application, his request to proceed in forma pauperis will be granted. After review of the amended complaint, which names the United States and "Ms. P. Adams, Warden of the Petersburg Federal Prison," as defendants, defendant Adams and plaintiff's claim under the Eighth Amendment will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).[2]

---

[2] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

**I.**

According to the amended complaint, plaintiff injured his finger on "October 15, 2008"[3] after playing a game of football. Plaintiff was evaluated by an unnamed doctor's assistant and on October 17, plaintiff was diagnosed with a torn tendon and referred to an "orthopedic."[4] Three days later, on October 20, plaintiff was taken to another facility in "the Petersburg Prison complex," to be evaluated by "the Orthopedic." Plaintiff was informed around 10:55 AM that this person would not be in the facility until 1:00 PM. Unidentified officers "stated that the couldn't wait because they had other things to do" and plaintiff was returned back to his housing facility, but was not called out for the 1:00 PM evaluation. Plaintiff made subsequent complaints to unidentified medical staff members, and on December 14, 2005, "the orthopedic" diagnosed plaintiff with a torn tendon, but informed plaintiff that it was "too late to fix the problem because the tendon must be fixed in 2 to 3 weeks." According to the amended complaint, this "orthopedic" informed plaintiff that he was "damaged for life." It appears that plaintiff received a surgery for his finger and tendon and is scheduled for future surgeries. At some subsequent point, plaintiff filed what appears at present to be a timely FTCA claim with the Bureau of Prisons concerning these events. Plaintiff's FTCA claim has been deemed denied by the Bureau of Prisons and the instant complaint followed.

**II.**

In the instant complaint, plaintiff asserts that his Eighth Amendment right to adequate medical care was violated in this case because "the United States, Warden ["P. Adams"] and

---

[3] The Court assumes that plaintiff's reference to October 15, 2008 is a scrivener's error. Indeed, the original complaint makes clear that the injury to plaintiff's finger occurred in 2005.

[4] The Court assumes, at present, that plaintiff is referring to an orthopedic doctor or other medical professional when he uses the term "the orthopedic."

3

[unidentified] others fell[ed] [sic] to carry out the Doctrs order." This claim, however, is time-barred and subject to dismissal.

There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). Additionally, federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)). However, the time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action commences, for the purposes of the statute of limitations, as soon as he delivers his complaint to prison officials for mailing. Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735-36 (4th Cir. 1991). Accordingly, if plaintiff did not deliver his complaint to prison officials for mailing within two years of knowing or having reason to know of his alleged injury, he is barred by the applicable statute of limitations from filing suit. See Cox v. Stanton, 529 F.2d 47 (4th Cir. 1975). Because the statute of limitations provides an affirmative defense to this action, this Court may summarily dismiss a

4

time-barred complaint as failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A.  See Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

Plaintiff filed the original complaint in this matter on March 17, 2008.  The acts and omissions about which he complains, however, occurred between October and December, 2005, and the original and amended complaints make clear that plaintiff knew he was not receiving medical attention after the October 20 doctor's visit and that his finger was diagnosed as "damaged for life" on December 14, 2005.  As such, plaintiff had, in Nasim's words, knowledge of "sufficient facts about the harm done to him that reasonable inquiry [would] reveal his cause of action," 64 F.3d at 955, on December 14, 2005.  Accordingly, plaintiff had two years, or until December 14, 2007, to file a Bivens claim for a violation of his Eighth Amendment right to adequate medical care on the basis of these events by delivering his complaint to prison officials for mailing.  Plaintiff did not do so, however, until March 17, 2008, over three months after the expiration of the two-year limitations period.  Therefore, plaintiff's Bivens claim for a violation of his Eighth Amendment right to adequate medical care is untimely and must be dismissed for failure to state a claim.  28 U.S.C. § 1915A(b)(1).[5]  In light of this dismissal, "Ms. P. Adams, Warden of the Petersburg Federal Prison,"

---

[5] The instant Bivens claim is also subject to dismissal for failure to state a claim in another respect - it fails to present facts sufficient to show that any named defendant was deliberately indifferent to plaintiff' serious medical needs.  Prisoners are, of course, entitled to reasonable medical care and may sue prison officials under the Eighth Amendment if such care is inadequate. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  However, to establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff must allege acts or omissions "sufficiently harmful to evidence deliberate indifferent to serious medical needs." Id. at 105.  An assertion of merely negligent conduct or even malpractice is not enough to constitute an Eighth Amendment violation, Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), and a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action, Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).  Non-medical prison personnel can be found to have acted with deliberate indifferent if they intentionally delay or deny an inmate access

the only individual defendant named in the amended complaint and the only individual identified as allegedly failing in her obligation to ensure that plaintiff received constitutionally adequate medical care, will be dismissed as a defendant in this case.

### III.

Plaintiff has complied with the Court's April 21, 2008 Order and submitted an application to proceed in forma pauperis and a form indicating his consent to the collection of the $350.00 filing fee in installments from his prison trust account. Additionally, plaintiff's correctional institution supplied information on plaintiff's inmate account reflecting that, for the past six months, plaintiff had an average monthly deposit of $89.00, an average monthly balance of $7.38 and $3.33 at the time of inquiry. Therefore, plaintiff is assessed an initial filing fee of $17.80, which is twenty percent (20%) of the greater of the average monthly deposits or balance for the last six months preceding the filing of this complaint. See 28 U.S.C. § 1915(b)(1). This initial fee, however, will be waived as it is clear that plaintiff cannot pay the fee at this time, given his current account balance of $3.33. However, plaintiff will be required monthly to remit to the Clerk of this Court twenty percent (20%) of any income into plaintiff's inmate account, if that income causes his inmate

---

to medical care or intentionally interfere with his prescribed treatment. In this case, plaintiff complains that two unidentified officers "couldn't wait" for the orthopedist on October 20 and returned him to his housing unit without retrieving him for the 1:00 PM appointment. There is nothing in the complaint to suggest, however, that the officers' failure in this regard was a deliberate effort to deny or delay plaintiff's medical care. Moreover, to the extent that plaintiff is claiming that defendant Adams should be held liable for any constitutional injuries inflicted by her subordinates, he has failed to allege facts sufficient to show that defendant Adams had actual or constructive knowledge that any subordinates were engaged in conduct posing a pervasive and unreasonable risk of constitutional injury to plaintiff, that Adams respondent in a deliberately indifferent manner or that any link existed between her inaction and the injuries suffered by plaintiff. See Shaw v. Stroud, 13 F.3d 791, 798-99 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). As such, he has failed to state a claim against defendant Adams for supervisory liability.

account balance to exceed $10.00. 28 U.S.C. § 1915(b)(2). This shall continue until the full filing fee has been paid, even after the case is resolved or dismissed, if necessary.

Accordingly, it is hereby

ORDERED that plaintiff's <u>Bivens</u> claim for a violation of his Eighth Amendment right to adequate medical care be and is DISMISSED WITH PREJUDICE for failure to state a claim; and it is further

ORDERED that defendant "Ms. P. Adams" be and is DISMISSED WITH PREJUDICE as a defendant in this action; and it is further

ORDERED that the Clerk is directed to amend the case caption to reflect the dismissal of defendant "Ms. P. Adams;" and it is further

ORDERED that plaintiff's application to proceed <u>in forma pauperis</u> (Docket # 11) be and is GRANTED; and it is further

ORDERED that this action be and is FILED <u>in forma pauperis</u>; and it is further

ORDERED that defendant file an answer or other responsive pleadings to the complaint within sixty (60) days of the date of service, pursuant to Fed. R. Civ. P. 12(a)(3). Defendant is advised that it is normal practice in <u>pro se</u> prisoner civil actions for defendants to file dispositive motions, if warranted and appropriate, before the start of discovery; and it is further

ORDERED that, within twenty (20) days of responsive pleading being filed, plaintiff may file counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by the defendant. <u>See</u> E.D.Va. Local Civil Rule 7(K); <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). Unless any party explicitly requests additional time for additional filings, this case will be considered ripe for disposition twenty (20)

days after the filing of a responsive pleading; and it is further

ORDERED that plaintiff serve a copy of every document he filed in this proceeding upon all parties by mailing the document to each party's counsel of record, pursuant to Fed. R. Civ. P. 5; and it is further

ORDERED that plaintiff's failure to notify the Court immediately in the event that he is transferred, released or otherwise relocated may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b); and it is further

ORDERED that plaintiff is advised that if the Court is unable to effect service on the defendant through this Order and defendant is not otherwise served within 120 days of filing,[6] defendant will be dismissed from this action without prejudice, see Fed. R. Civ. P. 4(m); and it is further

ORDERED that plaintiff's correctional institution is DIRECTED to submit twenty percent (20%) of plaintiff's preceding month's income any time his monthly account balance is at least $10.00 until the full $350.00 filing fee has been paid. Should plaintiff fail to keep twenty percent (20%) of his preceding month's income in his account, the correctional institution is DIRECTED to complete and return to the Court the enclosed Report of Violation of Consent Order.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to the plaintiff, a copy of this Memorandum Opinion and Order and the Consent Form (Docket # 10) and the Report of Violation of Consent Order to accounting officials at plaintiff's correctional institution and a copy of this Memorandum Opinion and Order, the complaint (Docket # 1), the amended complaint

---

[6] For purposes of calculation, the complaint is deemed filed as of this Order.

8

(Docket # 9), the Court's Orders of April 21, 2008, May 6, 2008, and May 14, 2008 (Docket # # 2,

6 & 8) and the summons to the United States Attorney for the Eastern District of Virginia and a copy

of the complaint and amended complaint (Docket # # 1 & 9) and a copy of the summons to the

Attorney General of the United States at Washington, D.C.

Entered this _____ day of _____ 2008.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia

9