

FILED
OCT 27 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| George Lafayette Bond,<br>Plaintiff, | )<br>)<br>) |
| v. | )     1:08cv324 (JCC/TRJ) |
| | ) |
| United States of America,<br>Defendant. | )<br>)<br>) |

MEMORANDUM OPINION

George Lafayette Bond, a federal inmate[1] proceeding pro se, initially filed this civil action raising both a claim of negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq., and a constitutional claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). At this juncture, the sole issue remaining for adjudication is whether the care provided to plaintiff for an injury to the tendon in his right ring finger is actionable under the provisions of the FTCA. Defendant the United States of America has moved for summary judgment, arguing that plaintiff failed to comply with the requirement of Virginia law which mandates that a "written opinion" from an "expert witness ... [that] the defendant ... deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed" is a necessary prerequisite in tort actions based on health care or professional services rendered. Va. Code Ann. §8.01-581.1. Plaintiff has submitted a reply to the defendant's motion, as well as motions for discovery and for an enlargement of time to respond to defendant's motion. For the

---

[1] Plaintiff discloses that although he is a federal inmate, he is currently "on a writ going to state court." The docket for this case reflects that plaintiff is housed in Henrico County Jail in Barhamsville, Virginia, apparently awaiting trial on state charges.

1

reasons which follow, defendant's motion will be granted, and summary judgment will be entered in favor of the United States on plaintiff's FTCA claim. Plaintiff's motions for discovery and an extension of time will be denied.

## I. Background

In the initial complaint, filed on March 17, 2008, plaintiff sued the "Federal Bureau of Prison Petersburg Correctional Facility," asserting a claim for negligence under the FTCA and a Bivens claim that defendant exhibited deliberate indifference to plaintiff's finger injury. By Order dated April 21, 2008, plaintiff in relevant part was informed that he had not named the United States as a defendant in this action and was directed to particularize and amend his complaint to name a proper defendant under the FTCA. Additionally, plaintiff was directed to particularize and amend his claim of deliberate indifference to state a claim under the Eighth Amendment within thirty days. After receiving two extensions of time to do so, plaintiff submitted an amended complaint on June 23, 2008, naming the United States and "Ms. P. Adams, Warden of the Petersburg Federal Prison," as defendants.

According to the amended complaint, plaintiff injured his finger while playing a game of football in October, 2005. Plaintiff was evaluated by an unnamed doctor's assistant who diagnosed a torn tendon and referred plaintiff to an "orthopedic." Three days later, plaintiff was taken to another facility in "the Petersburg Prison complex" to be evaluated by "the orthopedic." However, plaintiff was informed at around 10:55 AM that this person would not be in the facility until 1:00 PM. Unidentified officers "stated that they couldn't wait because they had other things to do," so plaintiff was returned to his housing facility, and he was not called out again for the 1:00 PM evaluation. Plaintiff made subsequent complaints to medical staff members, and about two months

later he saw "the orthopedic," who concurred that plaintiff had a torn tendon but who informed plaintiff that it was "too late to fix the problem because the tendon must be fixed in 2 to 3 weeks." According to the amended complaint, the "orthopedic" opined that plaintiff is "damaged for life," and also apparently performed a surgery on plaintiff's finger to relieve his pain. Plaintiff alleges that he has no movement in his injured finger, which renders him unable to use the tools he would normally use in his unspecified occupation and thwarts his ability to pursue a career as a bass guitarist. As relief, plaintiff seeks an award of damages in the amount of $333.5 million dollars.

On February 5, 2006, plaintiff filed an apparently timely FTCA claim with the Bureau of Prisons concerning the salient events. Def's Ex. A. Plaintiff's FTCA claim was deemed denied by the Bureau of Prisons,[2] and the instant lawsuit followed. On July 2, 2008, following his submission of the amended complaint, plaintiff's Bivens claim for a violation of his Eighth Amendment right to adequate medical care was dismissed with prejudice for failure to state a claim, and "Ms. P. Adams" was dismissed as a defendant.

## II. Standard of Review

In reviewing defendant's Motion for Summary Judgment, the Court must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d

---

[2]To bring a claim against the United States under the FTCA for monetary damages, injury, or loss of property caused by a government employee within the scope of his employment, a plaintiff must first present his claim to the appropriate federal agency. See 28 U.S.C. § 2675(a). The federal agency must deny the claim in writing and send the denial to the plaintiff. However, if the agency fails to reach a final disposition within six months, the plaintiff may deem the claim denied for FTCA purposes. See id. This exhaustion requirement is jurisdictional and cannot be waived. Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990).
  Records supplied by the defendant indicate that plaintiff was offered $2,500.00 in full settlement of his administrative tort claim by letter dated October 5, 2007, see Def's Ex. C, but plaintiff apparently opted to decline that offer.

3

243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When a motion for summary judgment is made and supported . . . [by affidavits], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

### III. Merits

In the sole claim remaining in the lawsuit, plaintiff seeks damages under the FTCA for the alleged negligence of BOP medical staff personnel, on the theory that the "life-time injury" to his finger resulted from the delay he experienced in being treated by the orthopedist. Generally, the United States and its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. The FTCA provides a limited waiver of that immunity insofar as it allows the United States to be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(2); see Suter v. United States, 441 F.3d 306, 310 (4th Cir.), cert. denied, 127 S.Ct. 272 (2006). Because

the events upon which plaintiff's claim is based all took place at FCC Petersburg, Virginia law applies.

The Virginia Medical Malpractice Act ("VMMA") requires a plaintiff to obtain certification from an expert witness that his claim has merit before defendants are served with process.[3] Only where a complaint "asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience" may a plaintiff forego this step. Unless that narrow exception applies, failure to comply with this requirement is fatal to a plaintiff's claim. Parker v. United States, 475 F. Supp. 2d 594, 597 (E.D. Va.), aff'd, 251 Fed. Appx. 818 (4th Cir. 2007).

It has been held in this district that the VMMA provision requiring acquisition of an expert opinion prior to service applies to claims brought against the United States pursuant to the FTCA. See id. (Ellis, J.); Kerr v. USDOJ, 2008 WL 3928701 (E.D. Va. Aug. 21, 2008 )(Lauck, M.J.).[4] In an analogous situation, the Fourth Circuit has held that the VMMA's damages cap applies in a FTCA suit against the United States. Starns v. United States, 923 F.3d 34, 37-38 (4th Cir. 1991). In this case, analysis of the nature of plaintiff's allegations reveals that his claim falls within the class of

---

[3]Va. Code Ann. § 8.01-20.1 provides:

> Every motion for judgment, counter claim, or third party claim in a medical malpractice action, at the time the plaintiff requests service of process upon a defendant ... shall be deemed a certification that the plaintiff has obtained from an expert witness ... a written opinion signed by the expert witness that, based upon a reasonable understanding of the facts, the defendant ... deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed.

[4]Because copies of the unpublished opinions cited here were supplied by the defendants, see Def's Ex. D, duplicate copies will not accompany this Opinion.

cases to which the certificate of merit requirement applies.

By its express terms, the VMMA's certification of merit requirement applies in a "medical malpractice action." Va. Code Ann.§ 8.01-20.1. Another provision of the Act defines "malpractice" as "any tort action or breach of contract action for personal injuries or wrongful death, based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient." Va. Code Ann.§ 8.01-581. The gravamen of plaintiff's complaint here is that prison employees failed to secure an examination of his injured finger by an orthopedic specialist in a timely manner, which appears clearly to fall within the statutory definition of malpractice as, *inter alia*, "health care ... services ... which should have been rendered, by a health care provider, to a patient." Indeed, in his amended complaint, plaintiff asserts that "[t]he United States is responsible to make sure that [he] receive[d] the medical treatment is needed," and that the alleged injury to his finger resulted from "[d]enial of necessary medical treatment." Amended Compl. at 1, 3. Under these circumstances, plaintiff's claim is one for malpractice, as that term is defined in the VMMA.

Moreover, plaintiff's claim does not rest upon a theory of liability where expert testimony is unnecessary because "the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." Va. Code Ann.§ 8.01-20. Virginia law requires a plaintiff in a medical negligence action to demonstrate by a preponderance of the evidence both that defendant violated the applicable standard of care and hence was negligent, and also that the negligent act constituted a proximate cause of the plaintiff's injury or death. Bitar v. Rahman, 630 S.E. 2d 319, 323 (Va, 2006). Here, then, plaintiff to prevail would have to show that the failure to provide him with an orthopedic examination for his finger injury within two months deviated from the applicable standard of care, and that the delay was the proximate cause of his allegedly permanent damage.

Clearly, resolution of these issues does not lie within "the range of the jury's common knowledge and experience," and instead would be dependent upon the presentation of expert medical testimony. See, e.g., Raines v. Lutz, 341 S.E. 2d 194, 196 (Va. 1986)(recognizing that, in cases involving claims of medical negligence, "expert testimony is ordinarily necessary to establish the appropriate standard of care, to establish a deviation from the standard, and to establish that such a deviation was the proximate cause of the damages claimed"). Therefore, the VMMA's certificate of merit requirement applies in this case.

At this juncture, there is no dispute that plaintiff failed to obtain the requisite written expert certification before bringing this lawsuit. On August 25, 2008, counsel for defendant wrote a letter to plaintiff, explaining the VMMA provision and its applicability in a suit brought pursuant to the FTCA, and requesting that plaintiff provide a copy of any written certification which he had obtained prior to serving his complaint. Def's Ex. B. Plaintiff responded that he was "on a writ" and hence had no access to his legal papers, which had not been "allow[ed] to come with [him]." Def's Ex. C. Plaintiff explained to defense counsel that his claim had been deemed worthy of a settlement offer , see n.2, and that his medical records would show that he was in need of a "two part surgery" to "even try to get movement back in [his] finger." Id. However, plaintiff never directly addressed the issue of whether he had obtained the certification of an expert prior to serving the complaint in this action, nor did he provide a copy of any such written opinion to defense counsel. Id. Moreover, plaintiff has failed to come forward in this lawsuit with any evidence to indicate that he consulted with, or procured a certificate of merit from, a medical expert prior to serving this complaint, so at this juncture no genuine issue of material fact exists as to the plaintiff's failure to fulfill the requirements of Va. Code Ann. § 8.01-20.1. Cf. Carter v. Ball, 33 F.3d at 461-62. That being so,

plaintiff's FTCA claim cannot proceed. Parker v. United States, 475 F. Supp. 2d at 597.

In response to defendant's motion for summary judgment on his FTCA claim, plaintiff argues essentially that because he is "on a writ" in Henrico County Jail he has no access to his medical records and legal papers, which remain stored at the federal prison. Plaintiff explains that he is in the process of attempting to subpoena the records of the orthopedic specialist, Dr. Dhillon, and points out that he was offered a settlement of his claim by the Bureau of Prisons, which to plaintiff indicates that counsel for the BOP "in fact read expert records" in plaintiff's case. Again, however, plaintiff makes no contention, much less an evidentiary showing, that he obtained the written certificate of an expert that his medical negligence claim has merit prior to bringing this lawsuit, and none of the arguments plaintiff makes is sufficient to overcome the dispositive effect of his failure in that regard. It has been held in several occasions that federal inmates proceeding pro se under the FTCA are not exempt from the certificate of merit requirement, "despite the fact that his or her prisoner status adds hurdles to any attempt to obtain an expert." Kerr, 2008 WL 3928701 at *4; see also, Bramson v. Sulayman, 251 Fed. Appx. 84, 86-87 (3d Cir.), cert. denied, 128 S.Ct. 1666 (2008); Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1118 (10th Cir. 2004); Alqam v. United States, 2008 WL 2945492 at *10, n.6 (N.D. W.Va. July 24, 2008). Therefore, plaintiff's attempt to point to the difficulties inherent in his circumstances as a pro se prisoner litigant to escape the requirements of the VMMA must be rejected.

Lastly, the Court notes that plaintiff requested additional time within which to gather and to present more evidence prior to his being required to respond to defendant's summary judgment motion. Specifically, plaintiff moved for discovery, requesting both that the BOP be ordered to provide "all documents" relevant to his case, and that orthopedic specialist Dr. Dhillon be ordered

to provide "a full report" on plaintiff's injury. Plaintiff also sought an extension of time within which to respond to defendant's Motion for Summary Judgment pending his receipt of the requested discovery materials. Essentially, plaintiff thereby seeks relief pursuant to Fed. R. Civ. P. 56(f), which provides that "[i]f a party opposing a motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Relief under this rule is not warranted here.

First, much of plaintiff's Motion for Discovery was rendered moot on October 7, 2008, when defendant provided plaintiff with all documents plaintiff had filed in support of his administrative claim. Plaintiff's remaining request, to have the orthopedist evaluate and report on his injury, is legally irrelevant at this juncture; the dispositive issue upon which defendant's motion for summary judgment is predicated is that such an expert opinion was required in writing before suit was ever brought. Thus, even if an expert were to certify at this point in time that plaintiff's medical negligence claim is meritorious, defendant still would be entitled to the summary judgment it seeks, so plaintiff's motion for Rule 56(f) relief will be denied. Strag v. Bd. of Trustees, 55 F.3d 943, 954 (4th Cir. 1995)(Rule 56(f) relief is warranted only where material sought would "by itself create[] a genuine issue material fact sufficient to defeat summary judgment"). Plaintiff's request for an enlargement of time within which to procure this expert opinion and to respond to the defendant's motion for summary judgment therefore will be denied, as moot.

### IV. Conclusion

Because "there is no genuine issue of material fact and the moving party is entitled to

judgment as a matter of law," <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 322, defendant's motion for summary judgment will be granted, and summary final judgment will be entered in favor of the United States on plaintiff's claim pursuant to the FTCA. Plaintiff's motions for discovery and an enlargement of time will be denied. An appropriate order shall issue.

Entered this 27th day of October 2008.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge